David A. Chami, AZ #027585
**PRICE LAW GROUP, APC**
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
Phone: 866-881-2133
Fax: 866-401-1457
Email: david@pricelawgroup.com
Attorney for Plaintiff Erin Robert

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ERIN ROBERT, | No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| v. | |
| DESERT SCHOOLS FINANCIAL SERVICES, LLC; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, inclusive, | 1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]; |
| Defendants. | |

**INTRODUCTION**

1.  Erin Robert ("Plaintiff") brings this action to secure redress from Desert Schools Financial Services, LLC ("Desert Schools"), Equifax Information Services, LLC. ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their unlawful reporting on Plaintiffs' credit report.

**PARTIES**

2.  Plaintiff Erin Robert is a consumer, a natural person, allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

3.  Defendant, Desert Schools Financial Services, LLC, engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b). Desert Schools Financial Services, LLC's principle place of business is located in Maricopa County, Arizona. Defendant Desert Schools Financial Services, LLC can be served through its registered agent at 148 N. 48th Street., Phoenix, Arizona 85034.

4.  Defendant Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

5.  Trans Union is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans

Commented [A1]: Do we delete this? they aren't reporting a balance but 'charge off' implies debt still owed?

- 2 -

Union can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

6.   Defendant, Experian Information Solutions, Inc.is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix, Arizona 85012.

7.   At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

8.   The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

9.   Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

10.  In June 14, 2008, Plaintiff obtained a consumer loan from Defendant Desert Schools, account number 0000749373L201 to purchase a vehicle.

11.  In or around May 2010, Plaintiff defaulted on the account due to a decrease in her

1   income.

2   12.   On April 15, 2013, Plaintiff received a settlement offer from Desert Schools to settle

3         the debt in the amount of $3,400. Plaintiff accepted Desert Schools offer of $3,400 to

4         settle the outstanding debt.

5   13.   On June 26, 2013, Plaintiff paid the $3,400 settlement offer in full.

6   14.   Unbeknownst to Plaintiff, Desert Schools began inaccurately reporting a balance in

7         the amount of $3,500 and as past due on the Plaintiff's credit reports and continued to

8         do so every month following the settlement.

9   15.   In or around October 2015, Plaintiff was looking to purchase a home and pulled her

10        credit reports and discovered that Desert Schools was reporting the settled account as

11        30 days past due on Trans Union and none of the credit bureaus showed the account as

12        having been settled.

13  16.   Experian also updated the payment history to show that the account was derogatory as

14        late as August of 2015; the trade line was reporting the account number as 207493 (the

15        "Account").

16  17.   On November 13, 2015, in an effort to correct the inaccurate reporting, Plaintiff sent a

17        dispute letter to Desert Schools to dispute the inaccurate reporting on her credit reports.

18  18.   Plaintiff did not receive a response from Desert Schools related to her dispute.

19  19.   Plaintiff also sent a dispute directly to Experian regarding the incorrect re-aging of the

20        settled debt.

21  20.   In response, Experian sent a suspicious dispute notice and refused to investigate the

22        dispute.

23  21.   On December 17, 2015, Plaintiff sent a second dispute letter to Desert Schools

24        disputing the inaccurate reporting of the Account.

25  22.   Once again, Plaintiff did not receive a response from Dessert Schools to her second

26        dispute letter.

27  23.   On February 17, 2016, Plaintiff pulled a second credit report and found that the

28

Account was now reporting with a balance owed on her Experian and Equifax credit reports; Trans Union did not report the balance but continued to report the account as 30 days past due.

24. Plaintiff did not notice that all three credit bureaus now reported the Account with a different account number; 749373L.

25. At some point after Plaintiff's disputes Plaintiff pulled her February 2016 credit report, Trans Union began reporting the Account with a $3,500 balance.

26. On or about April 15, 2016, Plaintiff discovered that Trans Union was reporting the $3,500.00 balance and sent a dispute.

27. Trans Union sent a response on April 24, 2016 and showed the Account as PAID IN FULL, however continued to report the $3,500 balance and showed that the account was updating each month as a voluntary surrender in 2016 despite having settled the account in 2013.

28. On May 19, 2016, Plaintiff sent dispute letters to Equifax and Trans Union disputing the inaccurate reporting on the Account; Plaintiff used the original account number that had been reported.

29. On June 3, 2016, Plaintiff received a response from Trans Union. The results showed that account 207493 was reporting a $0 balance.

30. Plaintiff did not receive a response from Equifax to her May 19, 2016 dispute letter.

31. On July 12, 2016, Plaintiff sent another round of dispute letters to Equifax and Trans Union. Plaintiff sent the dispute letters by USPS certified mail directly to Equifax, tracking number 7015 0640 0003 0473 4956, and Trans Union, tracking number 7015 0640 0003 0473 4949.

32. On July 20, 2016, Plaintiff received a response from Equifax. The results showed that the account 207493 was reporting without a balance and not late.

33. On August 3, 2016, Plaintiff pulled a third credit report and found that Equifax and Trans Union were still reporting the Account with $3,500.00 balance, but this time

- 5 -

1    Plaintiff realized that they had listed a different account number; 749373L.

2    34.  Experian now showed the Account as Settled for less than full value.

3    35.  On August 22, 2016, Plaintiff sent another round of dispute letters to Equifax and Trans

4        Union.  Plaintiff sent the dispute letters by USPS certified mail directly to Equifax,

5        tracking number 7016 0340 0000 0473 5811, and Trans Union, tracking number 7016

6        0340 0000 0473 5835.

7    36.  The dispute letters explained that the account number was first reported as 207493 and

8        was now reporting as 749373L with a balance of $3,500, and as a charged-off account

9    37.  On September 1, 2016, Plaintiff received a response from Trans Union. The results

10       showed the account 749373L was deleted.

11   38.  On September 2, 2016, Plaintiff received a response from Equifax. The results showed

12       account 749373L showed a $0 balance, however showed a historical balance of $3,500

13       in April 2016, May 2016, and June 2016.

14   39.  Plaintiff underwent a grueling process to get the Account reporting properly.

15   40.  Defendants caused or allowed the same exact trade line to report with a different

16       account number after Plaintiff's initial disputes.

17   41.  Defendants' conduct was deliberate, willful, intentional, reckless, and negligent.

18   42.  Defendants failed to perform reasonable investigations of the above disputes as

19       required by the FCRA.

20   43.  As a result of Defendants' conduct, Plaintiff has suffered actual damages as well as

21       financial and pecuniary harm arising from monetary losses related to loss of use of

22       funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and

23       finance charges, out-of-pocket expenses including, but not limited to, local or long

24       distance telephone charges, postage, faxing and other related costs, all of which will

25       continue into the future to Plaintiff's great detriment and loss.

26   44.  As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form

27       of financial and dignitary harm arising from the injury to credit rating and reputation.

28

45. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing Plaintiff from being able to obtain credit.

46. As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

**FIRST CAUSE OF ACTION**
**All Defendants**
**Violations of the FCRA, 15 U.S.C. § 1681 et. seq.**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The FCRA requires a furnisher such as Desert Schools, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

49. From in or around October 2015 until present, Desert Schools has provided inaccurate information to the credit reporting agencies.

50. During that time, Plaintiff notified Defendants that that the reported account number and payment history were inaccurate. Thereafter, the credit reporting agencies notified Defendant Desert Schools the Plaintiff was disputing the information it had furnished to the credit reporting agencies.

51. Defendant Desert Schools violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate

- 7 -

1    information that Plaintiff disputed;

2    (b)  Willfully and negligently failing to review all relevant information concerning

3        Plaintiff's vehicle account;

4    (c)  Willfully and negligently failing to report the results of investigations to the relevant

5        consumer reporting agencies;

6    (d)  Willfully and negligently failing to report the inaccurate status of the inaccurate

7        information to all credit reporting agencies;

8    (e)  Willfully and negligently failing to properly participate, investigate and comply with

9        the reinvestigations that were conducted by any and all credit reporting agencies

10       concerning the inaccurate information disputed by Plaintiff;

11   (f)  Willfully and negligently continuing to furnish and disseminate inaccurate and

12       derogatory credit, account and other information concerning Plaintiff to the credit

13       reporting agencies; and

14   (g)  Willfully and negligently failing to comply with the requirements imposed on

15       furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

16  52.  Defendant Desert School's conduct was a direct and proximate cause, as well as a

17       substantial factor, in causing serious injuries, damages and harm to Plaintiff that are

18       outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff

19       for the full amount of statutory, actual and punitive damages, along with attorneys'

20       fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

21  53.  The FCRA provides that if the completeness or accuracy of any item of information

22       contained in a consumer's file at a consumer reporting agency is disputed by the

23       consumer and the consumer notifies the agency directly of such dispute, the agency

24       shall conduct a reasonable reinvestigation to determine whether the disputed

25       information is inaccurate, or delete the item from the file within thirty (30) days of

26       receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

27  54.  The Act further requires the credit reporting agency, within 5 business days of

28

1    receiving notice of the consumer's dispute, to provide notification of the dispute to

2    the person who furnished the information in dispute and requires the credit reporting

3    agency to "include all relevant information regarding the dispute that the agency

4    received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its

5    reinvestigation of disputed information in a consumer report, the credit-reporting

6    agency is required to "review and consider all relevant information submitted by the

7    consumer."

8    55.   The Defendant, credit-reporting agencies, failed to conduct a reasonable

9    reinvestigation of the inaccuracy that the Plaintiff disputed.

10   56.   The Defendant, credit-reporting agencies, failed to review and consider all relevant

11   information submitted by Plaintiff.

12   57.   The Defendant credit reporting agencies, failed to employ and follow reasonable

13   procedures to assure maximum possible accuracy of Plaintiff's credit report,

14   information, and file, in violation of 15 U.S.C. § 1681e(b).

15   58.   As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has

16   sustained damages.

17   59.   The Defendant, credit-reporting agencies, violation of the FCRA were willful and

18   therefore Plaintiff is entitled to seek statutory and punitive damages.

19                              **REQUEST FOR RELIEF**

20
21      **WHEREFORE,** Plaintiff respectfully request that judgment be entered against

22   Defendant for the following:

23    A. Actual damages;

24   B. Statutory damages;

25   C. Costs and reasonable attorneys' fees;

26   D. Any pre-judgment and post judgment interest as may be allowed under the law; and

27   E. For such other and further relief as the Court may deem just and proper.

28

1

2

### DEMAND FOR JURY TRIAL

3

Please take notice that Plaintiff demands a trial by jury in this action

4

DATED this 29th day of September, 2016,

5

6

**PRICE LAW GROUP, APC**

7

By:/s/David A. Chami_____

8

David A. Chami
Attorneys for Plaintiff Erin Robert

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28